HENRY ADAMSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

P. H. PENNA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

THOMAS P. GALLAGHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21860–21862. Promulgated July 26, 1929.

*Thomas P. Gallagher, Esq.*, and *Henry Adamson, Esq.*, for the petitioners.

*T. M. Mather, Esq.*, for the respondent.

20

OPINION.

TRAMMELL: The petitioners contend that for 1922 they were entitled to deduct as losses sustained during that year the cost to them of the stock of the Adamson Oil Corporation. The amount of the loss is not in dispute, but the controversy is as to when the loss is deductible.

In support of their contention the petitioners urge that, since the stockholders at a meeting in March 1, 1922, determined that a loss had been incurred and authorized the sale of the property at a price much insufficient to pay the corporation's indebtedness, they had the right to treat their stock as worthless at that time and charge off as a loss their investment in the stock.

At the beginning of 1922 the corporation had notes outstanding in the amount of approximately $112,000. Of that amount $10,000

was paid during the year by means of an assessment against the stockholders. At the end of 1922 the corporation owed in excess of $100,000. In March, 1922, the stockholders had voted to sell the corporate assets for not less than $75,000. However, during that year the corporation was unable to obtain an offer to purchase the assets at any price. It was not until April, 1923, that an offer was obtained. This offer, the terms of which were never carried out, was for $40,000 and resulted in a cash payment of only $7,000. Although the corporation continued to operate the property, it did so at a loss. From the facts we think that the financial position of the corporation was hopeless in 1922 and that its stock was valueless. *Joslyn Manufacturing & Supply Co.*, 6 B. T. A. 749. Although the property was not finally disposed of until 1925, and operations were continued until that time, we do not think under the facts here presented that this indicates that the stock was not valueless in 1922. Events occurring subsequent to 1922 merely confirm the worthlessness of the stock in that year. We therefore are of the opinion that this contention of the petitioners is correct. *Henry M. Jones*, 4 B. T. A. 1286; *N. P. Christensen*, 7 B. T. A. 625; *C. E. Conover Co.*, 7 B. T. A. 1234.

With respect to the assessments made on the stock of the Adamson Oil Corporation and the amounts paid thereon by the petitioners in 1922 and 1923, the petitioners contend that by making the assessments a convenient plan was being made use of·to collect from those who were endorsers on the corporation's notes and guarantors of its accounts; that the assessments were for the purpose of discharging their liability on notes of the corporation on which they were endorsers; that the money was used for that purpose and that in making such payments they were paying and discharging by installments a portion of their losses.

While such assessments represented additional cost of the stock, they were also only additional losses, as the stock had then become worthless. *J. G. Paxton*, 7 B. T. A. 92.

In April, 1922, Penna loaned the corporation $1,000 with which to pay interest taking the corporation's note therefor. While he knew that the corporation was insolvent and that the note was worthless at the time it was given, yet he was an endorser on notes and a guarantor of accounts of the corporation, and the amount in fact constituted a partial payment of his losses. Under the circumstances, we are of the opinion that the amount here involved constitutes an allowable deduction to him for 1922 as a loss then sustained.

*Judgment will be entered for the petitioners.*